# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Senior District Judge Richard P. Matsch

Civil Action No. 05-cv-02360-RPM

DAVID NETTLES,

    Plaintiff(s),

v.

MICHAEL NUANES, JR.,
DAMIAN NARANJO, and
ZACHARY PHILLIPS,

    Defendants.

## AMENDED PRETRIAL ORDER

### 1. DATE AND APPEARANCES

The Final Pretrial Conference in this matter is scheduled to be held on January 18, 2008, at 2:00 p.m., before Senior District Judge Richard P. Matsch. It is anticipated that the following attorneys will appear to represent the parties:

*Appearing for the Plaintiff, David Nettles*:

    Michael J. Thomson, Esq.
    PURVIS, GRAY & MURPHY, LLP
    1050 Walnut Street, Suite 501
    Boulder, CO  80302
    (303) 442-3366

*Appearing for Defendants Michael Nuanes, Jr., Zachary Phillips and Damian Naranjo in their Individual Capacities*

    Douglas Jewell, Esq.
    Sean T. Olson, Esq.
    Bruno, Colin, Jewell & Lowe, P.C.
    1560 Broadway, Suite 1099

Denver, CO 80202
Telephone: (303) 831-1099

*Appearing for Defendants Michael Nuanes, Jr. And Zachary Phillips*

Thomas Bigler, Esq.
Denver City Attorney's Office
Litigation Section
201 West Colfax Avenue, Dept. No. 1108
Denver, CO 80202
Telephone: (720) 865-8751

*Appearing for Defendant Damian Naranjo*

Thomas S. Rice, Esq.
Elliott J. Scott, Esq.
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: (303) 320-0509

## 2. JURISDICTION

This Court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, and 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

## 3. CLAIMS AND DEFENSES

Plaintiff:

This is a civil action for compensatory and punitive damages against Defendants Michael Nuanes, Damian Naranjo and Zachary Phillips for their unconstitutional actions in using excessive force to arrest Plaintiff. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violation of the Fourth Amendment to the United States Constitution.

On December 5, 2003, Defendants Michael Nuanes, Jr., Damian Naranjo, and Zachary Phillips were dispatched to 2452 Gilpin Street in Denver to attempt a pick-up of a domestic violence suspect. At the same time, Plaintiff Nettles, who's home was across the street from

where these officers believed the domestic violence suspect lived, parked his car on the street a couple of doors down from his house, exited his vehicle and went around the back to the sidewalk and started walking up towards his house.  Before he walked around his vehicle Nettles saw two police officers on the sidewalk across the street.

If the officers had just left him alone Nettles would have just walked into his house. Nettles was three to six feet from his front porch, on the concrete walkway, when the officers accosted him.  For some reason, the Defendant officers decided to abandon their mission of picking up the domestic violence suspect and arrest Nettles.  Defendants Naranjo and Nuanes ran across the street after Nettles.

Defendant Naranjo grabbed Nettles right arm and told him that he was under arrest instructing him to put his arms behind his back.  Nettles then tried to explain to the officers that he could not physically put his arms behind his back.  Nettles begged the officers,"Please cuff me in front.  Shackle me.  Do whatever you want.  You can do anything.  I'll be peaceable.  I have no criminal record."  The officers responded by saying, "We will get them behind your back." Nettles explained that because the first officer could not get Nettles arms behind him the officer started punching Nettles. The Defendant officers beat Nettles on his chest, ribs, and back. Across the street from Nettles' home, Allen Hicks saw the assault.

Eventually, Defendant Naranjo used a Nunchaku to tackle Nettles to the ground.  Nettles' face hit the concrete right in front of his porch when he fell.  When he went down he put his hands in front of him in an attempt to break his fall so when he fell his hands were in front of him under his body.  Nettles continued to try to explain to the officers that his arms could not be handcuffed behind his back.  The officers refused to listen.

Defendant Phillips joined Defendants Naranjo and Nuanes in attempting to apprehend the Plaintiff. Defendant Phillips, according to his own testimony, was the officer who was forcing Nettles' right arm into the handcuffs. While he was on the pavement, one officer kicked Mr. Nettles on the left side of his head multiple times. One of the officers jumped on Mr. Nettles' back with their knees. While Nettles was on the ground, it was Defendants Phillips and Nuanes who forced Nettles' arms behind his back for handcuffing severely injuring Nettles' shoulder.

As a result of this assault by the officers, Nettles suffered a proximal humerus fracture, his right shoulder injury and his impairments are likely to be permanent, and it is medically probable that in a work environment he will have limited use of his right upper extremity, due to the injury.

As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Nettles by Defendants committed under color of law and under their authority as City and County of Denver police officers, Nettles suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth Amendment of the Constitution of the United States.

<u>Defendants</u>:

Defendants deny the substantive allegations contained in Plaintiff's Amended Complaint. Defendants deny that Plaintiff' constitutional rights were violated in any way, and contend that all actions taken by the named Denver police officers were objectively reasonable under the circumstances. Shortly after midnight on December 6, 2003, uniformed Denver police officers Michael Nuanes, Damian Naranjo, Zachary Phillips and Carlette Havard, were dispatched to 2452 Gilpin Street in Denver to execute an arrest warrant and apprehend a domestic violence suspect, Allen Hicks. The officers parked their marked police cars around the corner from 2452

Gilpin Street to avoid detection by Mr. Hicks.  Defendants Nuanes and Naranjo approached the front door of 2452 Gilpin Street by walking in the shadows of the adjacent building and Defendant Phillips and Officer Havard went around the back of 2452 Gilpin.  As Defendants Nuanes and Naranjo approached the house, Plaintiff, who was following the officers' movements from across the street, began loudly yelling at the uniformed officers demanding to know what was going on and why the officers were there.  At first Defendants Nuanes and Naranjo tried to ignore Plaintiff, in the hope that he would go away.  This became impossible as Plaintiff's yelling compromised their safety and threatened to disrupt their arrest assignment.  Defendants Nuanes and Naranjo informed Plaintiff that they were police officers conducting police business and repeatedly ordered Plaintiff to go inside.  When Plaintiff's continuous yelling endangered the officers' safety, Defendants Nuanes and Naranjo discontinued their assignment and crossed the street to arrest Plaintiff for interfering with their official duties.

As the officers approached Plaintiff, they informed him he was under arrest and directed him to put his hands behind his back.  Instead of complying with the officers' commands, Plaintiff began yelling his wife's name and walking away from the officers toward his house.  The officers again told Plaintiff that he was under arrest and ordered him to turn around.  Plaintiff did not follow these commands and instead continued calling his wife's name and moving toward his house.  The officers subsequently made physical contact with Plaintiff by taking hold of his arm to affect the arrest, at which point Plaintiff began to violently struggle with the officers.  Seeing the disturbance and that Defendants Nuanes and Naranjo were in trouble, Defendant Phillips and Officer Havard ran from the back of the suspect Hick's house to assist them.

Plaintiff, and extremely large and strong man, struggled against the officers' attempts to handcuff him.  As the situation deteriorated, Defendant Naranjo used an OPN (Orcutt Police

Nunchacku) to place pressure on Plaintiff's ankle, which caused Plaintiff to fall forward and face down on the ground. An OPN is a department approved device used by officers to overpower and control resisting individuals and Defendant Naranjo was certified to use an OPN. Even once he was face down on the ground, Plaintiff struggled against being handcuffed by locking his arms under his body and resisting the officers' commands to stop resisting and efforts to pull his arms out. Officers Nuanes and Phillips were able to pull Plaintiff's arms out from under his body and secure his arms behind his back by using two sets of handcuffs linked together. Shortly after being secured with the two sets of handcuffs, Plaintiff informed the officers that his shoulder hurt and the officers added a third set of handcuffs to relieve the shoulder pressure. When Plaintiff complained of a heart condition, an ambulance was called immediately.

Plaintiff was arrested and charged with disobedience to a lawful order, failure to obey a lawful order and resisting arrest. At the conclusion of a two day Denver County Court jury trial, Plaintiff was convicted of interference with police authority and resisting arrest. Plaintiff unsuccessfully appealed the jury's verdict.

Defendants assert the following affirmative defenses:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the doctrines of absolute and/or sovereign and/or qualified immunity.

3. Defendants' actions were at all times privileged on the basis of self-defense, defense of others, use of reasonable force in effectuating an arrest pursuant to Colo. Rev. Stat. § 18-1-707, privilege to detain for investigation, privilege to arrest without a warrant, and/or other applicable privileges.

4. Defendants' actions were supported by reasonable suspicion and/or probable cause and/or exigent circumstances.

5. Plaintiff's damages and injuries, if any, were incurred as a result of Plaintiff's own willful, unlawful, and intentional acts.

6. Plaintiff has failed to reasonably mitigate his alleged damages.

7. Plaintiff's claims should be barred in whole or in part because the necessarily imply the validity of Plaintiff's previous criminal conviction and/or sentence.

## 4. STIPULATIONS

The parties agree to the following stipulated facts:

1. This is a civil action for compensatory and punitive damages for alleged violations of Plaintiff's constitutional rights regarding the use of force required to lawfully arrest Plaintiff.

2. This Court has jurisdiction over Plaintiff's claims.

3. Venue is proper under 28 U.S.C. § 1391(b).

4. On December 5, 2003, Defendants Damian Naranjo, Michael Nuanes, Jr. and Zachary Phillips were employed by the City and Count of Denver and held the rank of police officer.

5. Defendants Michael Nuanes, Jr., Damian Naranjo, and Zachary Phillips acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the state of Colorado and the City and County of Denver.

6. Plaintiff lives at 2443 Gilpin Street.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

a.  Nonexpert witnesses to be called by Plaintiff:

 (1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

 1. David Nettles, 2443 Gilpin Street, Denver, CO 80205, tel. 303-831-0503. Mr. Nettles will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Mr. Nettles will testify concerning the nature, extent and permanency of his injuries and the care and treatment he has received for those injuries. Mr. Nettles will also testify regarding concerning his economic and vocational losses as a result of the December 5, 2003 incident. Mr. Nettles will testify in person.

 2. Bessie L. Nettles, 2443 Gilpin Street, Denver, CO 80205, tel. 303-831-0503. Mrs. Nettles will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Mrs. Nettles will testify concerning the nature, extent and permanency of her husband's injuries and the care and treatment he has received for those injuries. Mrs. Nettles will also testify regarding her husband's economic and vocational losses as a result of the December 5, 2003 incident. Mrs. Nettles will testify in person.

3. Defendant Michael Nuanes, Jr., Denver Police Department, 3921 North Holly Street, Denver, CO 80205, tel. 720-913-2000. Defendant Nuanes will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Defendant Nuanes will testify in person.

4. Defendant Zachary Phillips, Denver Police Department, 3921 North Holly Street, Denver, CO 80205, tel. 720-913-2000. Defendant Phillips will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Defendant Phillips will testify in person.

5. Defendant Damian Naranjo, 2701 Zenobia Street, Denver, CO 80212, tel. unknown. Defendant Naranjo will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Defendant Naranjo will testify in person.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

1. Defendant Gerald R. Whitman, Denver Police Department, 1331 Cherokee Street, Denver, CO 80204, tel. 720-913-2000. Defendant Gerald Whitman will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Defendant Whitman will testify in person.

2. Officer Carlette Havard, Denver Police Department, 3921 North Holly Street, Denver, CO 80205, tel. 720-913-2000. Officer Havard will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Officer Havard will testify in person.

3. Allen Hicks, 2452 Gilpin Street, Denver, CO 80205, tel. 303-861-4740. Mr. Hicks will testify regarding the incident which occurred on December 5, 2003, and the circumstances surrounding said incident. Allen Hicks will testify in person.

a. Nonexpert witnesses to be called by Defendants:

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1. Damian Naranjo, 2701 Zenobia Street, Denver, CO 80212, (303) 831-1099. Mr. Naranjo will testify regarding the incident which is the subject of this litigation. Mr. Naranjo will testify in person.

2. Michael Nuanes, Jr., Denver Police Department, 1331 Cherokee Street, Denver, CO 80204, (720) 913-6013. Police Officer Nuanes will testify regarding the incident which is the subject of this litigation. Police Officer Nuanes will testify in person.

3. Zachary Phillips, Denver Police Department, 1331 Cherokee Street, Denver, CO 80204, (720) 913-6013. Police Officer Phillips will testify regarding the incident which is the subject of this litigation. Police Officer Phillips will testify in person.

4. Carlette Havard, Denver Police Department, 1331 Cherokee Street, Denver, CO 80204, (720) 913-6013. Police Officer Havard will testify regarding the incident which is the subject of this litigation. Police Officer Havard will testify in person.

5. Paul Pazen, Denver Police Department, 1331 Cherokee Street, Denver, CO 80204, (720) 913-6013. Sergeant Pazen will testify regarding the incident which is the subject of this litigation. Sergeant Pazen will testify in person.

6. David Nettles, 2443 Gilpin Street, Denver, CO 80205, (303)831-0503. Mr. Nettles will testify regarding the incident which is the subject of this litigation and his arrest and conviction of crimes related to the incident. Mr. Nettles will testify in person.

7. Bessie Nettles, 2443 Gilpin Street, Denver, CO 80205, (303)831-0503. Mrs. Nettles will testify regarding the incident which is the subject of this litigation. Mrs. Nettles will testify in person.

(2) Witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)):

1. Gerald Pound, Denver Sheriff's Department, 1437 Bannock Street, Room 508, Denver, CO 80202, (720) 865-3888. Deputy Sheriff Pound may testify regarding the incident which is the subject of this litigation. Deputy Sheriff Pound will testify in person.

2. Deputy Sheriff Clark Jones, Denver Sheriff's Department, 1437 Bannock Street, Room 508, Denver, CO 80202, (720) 865-3888.

     Deputy Sheriff Jones may testify regarding the incident which is the subject of this litigation. Deputy Sheriff Jones will testify in person.

   3. Kathleen McBride, R.N., and/or other Denver County PADF Infirmary personnel, Denver County Sheriff's Department Pre-Arraignment Detention Facility, 1351 Cherokee Street, Denver, CO 80202, (720) 865-3888. Nurse McBride may testify about her evaluation of Plaintiff while in the Pre-Arraignment Detention Facility. Nurse McBride will testify in person.

b. Expert witnesses to be called by Plaintiff:

 (1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

  1. Richard A. Hathaway, M.D. Kaiser, 20th Avenue Medical Center, 2045 Franklin Avenue, Denver, CO 80205, tel. 303-861-3402. Dr. Hathaway is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Hathaway will testify in person.

 (2) Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

  1. James Pettey, M.D., Medical Ops Management, Inc., 7200 East Hampden Avenue, Suite 103, Denver CO 80224, tel. 303-394-2531. Dr. Pettey performed an Independent Medical Examination of Plaintiff on July 14, 2006. Dr. Pettey will testify in person.

  2. Byron E. Conner, M.D., Kaiser, 20th Avenue Medical Center, 2045 Franklin Avenue, Denver, CO 80205, tel. 303-861-3402. Dr.

Conner is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Conner will testify in person.

3. Walter T. Kusumoto, M.D., Kaiser, 20th Avenue Medical Center, 2045 Franklin Avenue, Denver, CO 80205, tel. 303-861-3402. Dr. Kusumoto is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Kusumoto will testify in person.

4. Stephanie J. Antony, P.T., Kaiser, 20th Avenue Medical Center, 2045 Franklin Avenue, Denver, CO 80205, tel. 303-861-3402. Ms. Antony is a physical therapist who has provided treatment to Mr. Nettles for injuries sustained in the incident of December 5, 2003. Ms. Anthony will testify in person.

5. Luis Cortez, II, P.T. Kaiser, 20th Avenue Medical Center, 2045 Franklin Avenue, Denver, CO 80205, tel. 303-861-3402. Mr. Cortez is a physical therapist who has provided treatment to Mr. Nettles for injuries sustained in the incident of December 5, 2003. Mr. Cortez will testify in person.

6. Anthony Sanchez, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Sanchez is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Sanchez will testify in person.

7. Oren Zwang, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Zwang is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Zwang will testify in person.

8. Reed Bartz, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Bartz is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Bartz will testify in person.

9. Jeffrey Chain, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Chain is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Chain will testify in person.

10. Wade Smith, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Smith is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Smith will testify in person.

11. Lee Shockley, M.D., Denver Health Medical Center, 777 Bannock Street, Denver, CO 80204, tel. 303-436-6222. Dr. Shockley is a physician who has treated Mr. Nettles for injuries sustained in the incident of December 5, 2003. Dr. Shockley will testify in person.

12. Roger L. Willard, Ghille Investigative Services, 530 W. 3rd Ave. Dr., Broomfield, CO 80020. (303) 404-0331. Mr. Willard will testify in accordance with his report of August 16, 2005, and

subsequent updates, if any, to that report. The bases of Mr. Willards's report are his review of pertinent materials, his education and experience, and as described in his report. Mr. Willard will testify in person.

b. Expert witnesses to be called by Defendant:

(1) Witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

(2) Witnesses who may be present at trial (see Fed. R. Civ. P. 26(a)(3)(A)):

1. James Pettey, M.D., Medical Ops Management, Inc., 7200 East Hampden Avenue, Suite 103, Denver, CO 80224, tel. 303-394-2531. Dr. Pettey performed an Independent Medical Examination of Plaintiff on July 14, 2006. Dr. Pettey will testify in person.

## 7. EXHIBITS

a. Exhibits to be offered by each party:

(1) Plaintiff: See, Plaintiff's Exhibit List attached hereto as Exhibit A.

(2) Defendants: See, Defendants' Exhibit List attached hereto as Exhibit B.

b. Copies of listed exhibits must be provided to opposing counsel no later than five days after the Final Pretrial Conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served (by hand delivery or facsimile) no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

None.

## 10. SETTLEMENT

The undersigned counsel hereby certify that:

The parties have engaged in discussion regarding settlement. It appears from the discussions thus far that there is little possibility of settlement.

## 11. OFFER OF JUDGMENT

Counsel and any pro se party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

The trial of this matter is to a jury. The parties estimate that the trial will take approximately five (5) days to complete. The trial is to take place before the Honorable Judge Richard P. Matsch, Courtroom A, the United States District Court for the District of Colorado.

DATED this 13th day of February, 2008.

BY THE COURT:

s/Richard P. Matsch

---

United States District Judge

**AMENDED FINAL PRETRIAL ORDER SUBMITTED:**

By ___*s/Michael J. Thomson*___
    Michael J. Thomson
PURVIS, GRAY & MURPHY, LLP
1050 Walnut Street, Suite 501
Boulder, CO 80302
Tel. 303-442-3366
E-mail: mthomson@purvisgray.net
*Attorney for Plaintiff*

By ___*s/Douglas Jewell*___
    Douglas Jewell
    Sean T. Olson
BRUNO, COLIN, JEWELL & LOWE, P.C.
1560 Broadway, Suite 1099
Denver, CO 80202
Telephone: 303-831-1099
E-mail: ldjewell@bcjlpc.com
*Attorneys for Defendants Michael Nuanes, Jr., Zachary Phillips and Damian Naranjo, in their individual capacities*

By ___*s/Thomas Bigler*___
    Thomas Bigler
DENVER CITY ATTORNEY'S OFFICE
Litigation Section
201 West Colfax Avenue, Dept. No. 1108
Denver, CO 80202
Tel. 720-865-8751
E-mail: thom.bigler@denvergov.org
*Attorneys for Defendants Michael Nuanes, Jr. and Zachary Phillips*

By ___*s/Thomas S. Rice*___
    Thomas S. Rice
    Elliot J. Scott
SENTER GOLDFARB & RICE, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone: 303-320-0509
E-mail: trice@sgrllc.com
*Attorneys for Defendant Naranjo*